Stefanos Georgousopoulos (SBN 314856)
SYG LAW FIRM, INC.
1 Better World Circle, Suite 140
Temecula, CA 92590
Telephone (951) 595-7127
sg@syglaw.com

Counsel for Plaintiff
David Ahmadi

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AHMADI, individual,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>1) ANTONY BLINKEN, Secretary,<br>　　U.S. Department of State,<br><br><br>　　　　Defendants-Respondents. | Case No.: 5:24-cv-1739<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT** |

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA:**

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

1

# I. INTRODUCTION

1. Plaintiff, David Ahmadi is a U.S. citizen. Plaintiff filed USCIS Form I-129F, Petition for Alien Fiancee on behalf of his fiancée, Bibi Atriya Sadat, an Afghan national. Due to the conflict in Afghanistan, the visa is being handled at the U.S. embassy in Islamabad, Pakistan.

2. After numerous delays in scheduling an interview, Plaintiff's fiancée attended her K1 fiancee visa interview in Islamabad on April 30, 2024. At that time, the embassy requested Plaintiff's *original* divorce decree instead of a copy. The embassy returned Plaintiff's fiancee's passport to her and instructed her to use the embassy sanctioned courier to deliver the original divorce decree and passport back to the agency.

3. The following day, Plaintiff's fiancée returned the documents to the embassy as instructed. Between May 1, 2024 and present, the embassy continued to reissue duplicative requests for Plaintiff's documents, indicating they lost the documents previously delivered by the courier.

4. Plaintiff has exhausted all administrative resources and desperately seeks judicial intervention to force the U.S. embassy to complete adjudication of this visa.

5. Plaintiff herein alleges violations of the Administrative Procedure Act for Defendants' unreasonable delay. Plaintiff also seeks reimbursement for attorney fees and costs.

# II. JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. § 1361 (mandamus).

# III. VENUE

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(e). Plaintiff sues the Defendant in their official capacity as officers and

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

employees of the United States. Plaintiff resides in Riverside County, California, and a substantial portion of the acts on which this complaint is based took place in Riverside, California. Thus, venue is proper.

## IV. PARTIES

8. The Plaintiff, David Ahmadi, is a citizen of the United States. He resides in Riverside County, California.

9. The Defendant, Antony Blinken, is Secretary of U.S. Department of State ("DOS"). DOS is responsible for overseeing the operations of both the National Visa Center ("NVC") and all U.S. embassies around the world. As such, Defendant is directly responsible for overseeing the U.S. embassy in Islamabad, Pakistan and the adjudication of this visa.

## V. LEGAL FRAMEWORK

10. Pursuant to the Immigration and Nationality Act, Section 201(b), a U.S. citizen may petition for his alien fiancée for the purposes of obtaining visa.

11. Fiancées of U.S. citizens are not subject to prescribed waiting times.

## FACTUAL BACKGROUND

12. Plaintiff is a U.S. citizen.

13. On December 27, 2022, Plaintiff submitted Form I-129F, Petition for Alien Fiancee to USCIS on behalf of his fiancee, a foreign national of Afghanistan. The petition was assigned receipt number WAC2390031033. The petition was approved on July 21, 2023.

14. Plaintiff selected Islamabad, Pakistan as the reassignment location since all operations in Kabul, Afghanistan were suspended. Even so, the National Visa Center designated the case number KBL2023744009.

15. On September 1, 2023, the National Visa Center sent email correspondence claiming that Plaintiff failed to select a location for reassignment. Plaintiff again selected Islamabad, Pakistan.

16. On October 31, 2023, the National Visa Center again wrote that Plaintiff failed to select an embassy for reassignment. Plaintiff again immediately wrote back selecting Islamabad, Pakistan.

17. On November 13, 2023, the NVC finally reassigned case number ISL2023805006, indicating they had finally reassigned the matter to Islamabad.

18. Between July 23, 2023 and March 2, 2024, Plaintiff submitted countless requests for updates and expedited processing on account of severe medical conditions and financial strain of supporting his Afgan fiancee in Pakistan.

19. On March 7, 2024, the U.S. Embassy in Islamabad finally wrote that they had only just received the case from the National Visa Center. Plaintiff's fiancee immediately took all actions necessary to schedule the first available appointment.

20. On April 30, 2024, Plaintiff's fiancee attended her K1 visa interview. The embassy refused the visa to request the original divorce decree of Plaintiff's previous marriage instead of a copy. The embassy then returned Plaintiff's fiancee's passport and instructed her to utilize the embassy sanctioned courier service to return both the passport and original divorce decree.

21. On May 2, 2024, Plaintiff's fiancee utilized the courier service to return both her original passport and Plaintiff's original divorce document. She received confirmation that the documents were successfully delivered to the embassy.

22. Between May 2, 2024 and present, Plaintiff has submitted over twenty inquiries and requests for issuance. The embassy failed to respond to most inquiries, but when the embassy did respond the embassy requested that the Plaintiff's fiancee submit her passport and Plaintiff's divorce document. **By requesting the documents that had already been delivered, the embassy revealed that they had likely misplaced the original documents.**

23. Plaintiff obtained another certified copy of his original divorce decree and spent nearly $200 to have the document flown by DHL to Islamabad. On July 25, 2024, Plaintiff again utilized the courier to resubmit the original divorce document.

24. The embassy continues to update the date of refusal on the CEAC webpage, but fails to respond to any inquiries.

25. Plaintiff now seeks judicial intervention, as he has been separated from his family for an unnecessary period. He has exhausted all administrative remedies and seeks a writ of mandamus from this Court.

## VI. CAUSES OF ACTION

### COUNT ONE – ADMINISTRATIVE PROCEDURE ACT

26. Plaintiffs incorporate the allegations in the paragraphs above.

27. Pursuant to 5 U.S.C. § 706(1), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

28. Defendants have unreasonably delayed Plaintiff's fiancee's visa. Defendant's National Visa Center mistakenly failed to take notice that Plaintiff had routinely selected Islamabad as the reassigned embassy, causing three months of delays. Once corrected, Defendant's National Visa Center failed to send the case to Islamabad for an additional five months. Finally, Defendant's U.S. Embassy in Islamabad, Pakistan refused the visa to obtain an original document of which a certified copy was already given. Now the embassy has mishandled the documents sent to the embassy by courier for an additional four months, possibly having lost Plaintiff's fiancee's passport.

29. The totality of Defendant's actions has caused Plaintiff unnecessary distress and costs. Plaintiff has also accrued unnecessary attorney fees.

### COUNT TWO - MANDAMUS

30. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

31. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff. See 28 U.S.C. § 1361.

32. Defendant has a nondiscretionary duty to adjudicate the visa application for a visa within a reasonable period and reasonable manner.

33. Plaintiff requests that this Court force Defendant to take note that the requested document was delivered twice and to locate Plaintiff's fiancee's passport, which hopefully has not been lost permanently.

34. Defendant's actions have cause Plaintiff distress and excessive attorney fees.

## VII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court:

35. Accept jurisdiction over this matter;

36. Order Defendant to complete adjudication of the visa within thirty days;

37. Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412;

38. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this  15   day of August 2024

David Ahmadi

*By counsel,*

_____
Stefanos Georgousopoulos, Esq.
California Bar Number:  314856
SYG LAW FIRM, INC.
1 Better World Circle, Suite 140
Temecula, CA 92591
Telephone: (951) 595-7127

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**